UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES STEPHENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-01314-SEB-MKK |
| SGT. HAMMER, et al., | ) ) ) |
| Defendants. | ) |

**Order Denying Motion to Amend**

Plaintiff James Stephens is a prisoner currently incarcerated at Putnamville Correctional Facility. He filed this civil action in Marion Circuit Court alleging that he was placed in Disciplinary Restrictive Housing ("DRHU") in violation of his constitutional rights. The defendants removed the complaint to this Court because his claims are based on alleged violations of federal law. Dkt. 13. The Court screened the complaint as required by 28 U.S.C. § 1915A and dismissed it because it failed to state a claim upon which relief can be granted. Dkt. 13. Mr. Stephens then filed an amended complaint, dkt. 15-2, which the Court also screened, dkt. 16. Under that screening order, the claims proceeding in this case are: (1) a Fourteenth Amendment "class of one" claim that Sgt. Hammer placed him in the Disciplinary Restrictive Housing Unit ("DRHU") because of personal animosity against him; and (2) Eighth Amendment excessive force and failure to intervene and Indiana state law claims against Sgt. Hammer and Officer Monroe. Dkt. 16.

Mr. Stephens has moved to amend and submitted a proposed second amended complaint. Because the plaintiff is a "prisoner," this Court has an obligation to screen the second amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Proposed Second Amended Complaint

Mr. Stephens's claims are currently proceeding against defendants Sgt. Hammer and Officer Monroe. The proposed second amended complaint adds the following defendants: the Indiana Department of Correction, Lt. Dumrader, Sgt. Ethridge, Christopher Williams, and Amy Simmons. The allegations of the proposed second amended complaint largely mirror those of Mr. Stephens's amended complaint with some additional claims. Those allegations, summarized below, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

As in the first amended complaint, Mr. Stephens alleges that Sgt. Hammer wrote conduct reports against him in retaliation for complaining when Sgt. Hammer directed him to remove his

jacket as it was impairing camera surveillance and because of personal animosity against him. Lt. Dumrader failed to supervise Sgt. Hammer and failed to review the surveillance video before he authorized Mr. Stephens's placement in the DRHU. Further, Sgt. Hammer used force when moving Mr. Stephens to the DRHU and Officer Monroe failed to intervene to stop that force.

Mr. Stephens also alleges that Ms. Simmons failed to provide him medical care for his injuries after Sgt. Hammer's use of force and that when he filed grievances alleging this retaliation, discrimination, force, and Ms. Simmons's failure to provide medical care, Mr. Williams responded only to the allegations regarding the taking of his jacket. Sgt. Hammer, Sgt. Ethridge, Lt. Dumrader, Mr. Williams, and Ms. Simmons all conspired to cover up the First Amendment violation.

### III. Discussion

A court "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although generously phrased, this rule still leaves a district judge with "broad discretion" to deny leave to amend, such as where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies; where undue prejudice to the defendants would result; or where amendment would be futile. *Huon v. Denton*, 841 F.3d 733, 745 (7th Cir. 2016). "Amendment is futile when it seeks to add a new claim that does not allege a viable theory of liability." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

Mr. Stephens's proposed amended complaint is futile because it alleges claims that either have already been dismissed or that are improperly joined to the claims that are proceeding. First, the Court has already explained that Mr. Stephens cannot state a retaliation claim based on his refusal to move his jacket when Sgt. Hammer directed him to do so. *See* dkt. 16 at 4-5 (explaining that a prisoner does not have a protected right to be disruptive or confrontational). Thus, he still

has failed to state a claim that the conduct report or placement in segregation violated his First Amendment rights or that any of the defendants covered up this violation. In addition, Mr. Stephens has failed to state a claim based on his allegations that Mr. Williams failed to process his grievances properly. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Similarly, Mr. Stephens has failed to state a claim based on his assertion that the alleged failure to properly process his grievances violated Indiana Code § 11-11-1-2(4), because he does not have a private right of action under this statute. *See Mayberry v. Gilbert*, No. 121CV03031TWPTAB, 2023 WL 34686, at *7 (S.D. Ind. Jan. 3, 2023) (citing *Wheeler v. Branchville Corr. Facility Off.*, 176 N.E.3d 587 (Ind. Ct. App. 2021) ("statutes under Title 11 do not provide an offender with a private cause of action.").

Finally, Mr. Stephens has not stated a claim that either Sgt. Ethridge or Mr. Williams retaliated against him. Mr. Stephens alleges that, once he had his disciplinary hearings, Sgt. Ethridge did not sanction him with segregation and that Mr. Williams failed to process his grievances properly. But a First Amendment retaliation claim requires an allegation, among other things, that the defendant took action that would likely deter an ordinary person from future First Amendment activity. *Taylor v. Van Lanen*, 27 F.4th 1280, 1284 (7th Cir. 2022). Mr. Stephens's allegation that Sgt. Ethridge did not sanction him with segregation and Mr. Collins processed his grievances incorrectly are not the type of allegations that raise an inference that an ordinary person would be deterred from future First Amendment activity. *See Smith v. Butler*, No. 17-CV-189-MJR, 2017 WL 1318270, at *7 (S.D. Ill. Apr. 10, 2017) (officer's "alleged failure to process

Plaintiff's grievances does not rise to the level of an 'adverse action' that will support a claim for unconstitutional retaliation.").

Next, Mr. Stephens may be able to state a claim against Ms. Simmons based on his allegations that she failed to treat his pain after Sgt. Hammer's use of force, but such claims are not properly joined to the claims that are proceeding. Federal Rule of Civil Procedure 20(a)(2) permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Because Mr. Stephens's allegations against Ms. Simmons raise separate questions of fact and law from the claims against Sgt. Hammer and Officer Monroe, they cannot proceed together with them in this case.

In short, the new claims for relief in Mr. Stephens's proposed second amended complaint either fail to state a claim for relief or are not properly joined to the claims that are proceeding in this case. Therefore, his proposed second amended complaint is futile.

### IV. Conclusion

For the reasons discussed above, the motion to amend, dkt. [29], is **DENIED**. The motion for status, [36], is **GRANTED** consistent with this Order.

**IT IS SO ORDERED.**

Date: 11/8/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES STEPHENS
996056
EDINBURGH - CF
EDINBURGH CORRECTIONAL FACILITY
Inmate Mail/Parcels
P.O. Box 470
Edinburgh, IN 46124

Stephanie Michelle Davis
Office of Attorney General Todd Rokita
stephanie.davis@atg.in.gov

Katherine A Meltzer
Office of Indiana Attorney General
katherine.meltzer@atg.in.gov