UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES STEPHENS,<br><br>Plaintiff,<br><br>v.<br><br>SGT. HAMMER,<br>OFFICER MONROE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:23-cv-01314-SEB-MKK |

**Order Granting in Part and Denying in Part Plaintiff's Motion to Alter Closed Judgment**

James Stephens filed this civil rights action in state court arguing that Defendants violated his civil rights by using excessive force and placing him in disciplinary housing out of personal animosity and that they violated various state laws. Defendants removed the action to this Court.

The Court granted Defendants' motion for summary judgment on September 8, 2025, and entered final judgment. Dkts. 79, 80. The Court relinquished supplemental jurisdiction over the state law claims. Dkt. 79 at 12.

Mr. Stephens filed a motion to reconsider the Court's decision. Because the motion was filed less than 28 days after the entry of final judgment, the Court construes the motion as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). For the following reasons, the motion, dkt. [81], is **granted** to the extent that the Court modifies its final judgment to remand the state law claims to state court, and it is **denied** in all other respects.

## I. Legal Standard

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must

clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A Rule 59(e) motion does not "allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## II. The Summary Judgment Ruling

The Court briefly recounts the relevant background as set out in the summary judgment order.

Putnamville Correctional Facility had a policy where inmates could not hang clothes in a manner that obstructed a correctional officer's view of their beds; thus, coats were supposed to hang from a single bed post. Dkt. 79 at 3. Sgt. Hammer told Mr. Stephens to remove his coat, which was draped along the bed railing, and Mr. Stephens did not comply because he believed his coat was hung properly. *Id.* at 4. Sgt. Hammer grabbed Mr. Stephens' coat to confiscate it, and Mr. Stephens pulled it back. *Id.*

Sgt. Hammer ordered Mr. Stephens to submit to handcuffs, and he complied. During the escort, Mr. Stephens turned and bumped into Sgt. Hammer twice, and Sgt. Hammer placed Mr. Stephens against a desk and requested back-up. *Id.* Mr. Stephens was escorted to medical and then to the disciplinary restrictive status housing unit ("DRHU") pending a disciplinary conduct hearing.

Mr. Stephens received two conduct violations from the incident—the first for resisting Sgt. Hammer and the second for impairment of surveillance. *Id.* He was found guilty of resisting, and the disciplinary officer reduced the impairment charge to a disobeying an order charge regarding not removing his jacket when he was ordered to. *Id.* at 5.

As to his injuries, Mr. Stephens testified that he told Sgt. Hammer that the handcuffs were too tight and he requested that he loosen them. *Id.* Mr. Stephens experienced numbness and had an abrasion on his wrist, for which he received an ice pack and Tylenol. *Id.* at 5.

On summary judgment, the Court found that Mr. Stephens' class-of-one equal protection claim failed because there was no evidence he was treated differently from other inmates. *Id.* at 7. Rather, all inmates are placed in DRHU pending conduct hearings. Further, another inmate in Mr. Stephens' dorm did have his jacket hung on his bed in the same manner as Mr. Stephens, but he immediately removed it when he heard Sgt. Hammer speaking to Mr. Stephens about it. *Id.*

The Court found that the excessive force claim failed because, even though Mr. Stephens contended that he complied with prison policy, he still had to comply with Sgt. Hammers' order. *Id.* at 8. Further, the amount of force used was minimal and his injuries minor. *Id.* at 9. Additionally, a disciplinary hearing officer found that Mr. Stephens resisted by turning his body and pushing his shoulder into Sgt. Hammer during the escort, so the use of force was reasonable to regain compliance. *Id.* at 9-10. Because Sgt. Hammer's use of force was lawful, the failure to intervene claim against the other defendant, Officer Monroe, necessarily failed. *Id.* at 10.

## III. Discussion

Mr. Stephens presents various challenges to the Court's ruling. The first can be quickly dispatched. Mr. Stephens states that he never consented to the magistrate ruling on Defendants' motion for summary judgment. Dkt. 81 at 1-2. But the magistrate judge played no role in ruling

on summary judgment; rather, it was issued by the undersigned. Accordingly, he is not entitled to relief on this issue.

Most of Mr. Stephens' motion quibbles with the Court's handling of his claims on the merits. Mr. Stephens argues that the Court made credibility determinations on several issues. First, Mr. Stephens alleges that the Court erred in assessing his excessive force claim because it found that Sgt. Hammer handcuffed him for disobeying a valid order, while Mr. Stephens asserts that the order was invalid. But the Court acknowledged that Mr. Stephens disagreed with Sgt. Hammer's interpretation of the prison policy. Regardless, "[o]rders given must be obeyed. Inmates cannot be permitted to decide which orders they will obey, and when they will obey them[.]" *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009) (quoting *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). Additionally, although Mr. Stephens was not found guilty of impairing surveillance, he was found guilty of disobeying an order. Further, Sgt. Hammer ordered Mr. Stephens to submit to restraints after Mr. Stephens yanked the jacket back from the officer, which Mr. Stephens acknowledged "could be perceived by Hammer to be threatening." Dkt. 70 at 31. Mr. Stephens also now disputes whether he informed Sgt. Hammer that he was in pain during the escort. Even if he had, though, this does not modify the Court's ruling that the use of force was reasonable and not for the purpose of punishment because it was done for the purpose of restoring order. Thus, none of Mr. Stephens' arguments persuade the Court that it erred in concluding that Defendants were entitled to summary judgment on the excessive force and failure to protect claims.

As to his equal protection claim, Mr. Stephens argues that the Court improperly weighed evidence about whether he was treated differently than another inmate. Mr. Stephens largely rehashes arguments that he made previously that the Court rejected. Further, Mr. Stephens conceded in his deposition that the other inmate in his dorm area moved his jacket when he

overheard Sgt. Hammer ordering Mr. Stephens to do so. Dkt. 54-1 at 23. The Court made no legal or factual error with respect to this issue.

Mr. Stephens is entitled to relief on one matter he raised. The Court relinquished supplemental jurisdiction over Mr. Stephens' state law claims. But because this case started out as a state court case removed to this Court, remand to state court was the appropriate procedural route. *See Purcell v. Bank of America*, 659 F.3d 622, 623 (7th Cir. 2011) ("Once the federal portion of a removed suit has been resolved, remand to state court is appropriate."). Accordingly, the motion for relief is **granted** to the extent that the Court will issue a remand order, and an amended judgment reflecting that the state law claims are **remanded** to Marion Superior Court 2.

In summary, Mr. Stephens' motion for relief under Rule 59, dkt. [81], is **granted to the extent** that the Court will issue a remand order and an amended final judgment, and it is **denied** in all other respects.

**IT IS SO ORDERED.**

Date: 8/13/2026

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES STEPHENS
996056
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel

Clerk
Marion Superior Court 2
675 Justice Way
Indianapolis, IN 46203